UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HOWARD L. JACKSON (#104336)**            **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN**            **NO. 12-0767-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Howard L. Jackson, challenges his 1983 conviction and life sentence entered in the Eighteenth Judicial Court for the Parish of West Baton Rouge, State of Louisiana, on one count of aggravated rape. The petitioner contends (1) that he was provided with ineffective assistance of counsel during post-conviction review proceedings because his appointed counsel failed to file a memorandum as directed by the state court judge after a hearing conducted on October 8, 1992, (2) that the prosecution withheld exculpatory evidence at trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), (3) that he was denied equal protection in light of the racially discriminatory practice of choosing grand jury foremen in West Baton Rouge Parish in 1983, and (4) that he was provided with ineffective assistance of counsel at trial because his trial attorney failed to move to quash the grand jury indictment for the above-stated reason.

The State of Louisiana has responded to the petitioner's application by contending, with very little discussion, that the petitioner's claims are time-barred by virtue of the one-year statute of limitations found in 28 U.S.C. § 2244. This statute was implemented through the Anti-

Terrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214 (April 24, 1996) ("AEDPA"), and provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> \*          \*          \*          \*
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

28 U.S.C. § 2244(d)(1).

In the instant case, the petitioner's conviction became final before April 24, 1996, the effective date of the above-referenced statute. Accordingly, a one-year grace period established by Fifth Circuit precedent for such convictions is applicable to the petitioner's time calculation. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, the petitioner's one-year time period to file a federal habeas corpus application commenced to run on April 24, 1996 and, absent any action taken by the petitioner to interrupt this period, would be seen to have elapsed on April 24, 1997. *Id.* As noted above, however, § 2244(d)(2) provides that the time during which any properly-filed application for state post-conviction relief or other collateral review is pending does not count toward the computation of the one-year period. As a corollary to this rule, federal courts have held that any time during which there is *no* properly filed state court post-conviction application pending *does* count toward the one-year period. *Flanagan v. Johnson, supra*, 154 F.3d at 199, n. 1. *See also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); *Hoggro v. Boone*, 150 F.3d 1223, 1226 n. 4 (10th Cir. 1998). An application for post-

conviction relief is seen to be pending both while it is before a state court for decision and also during those intervals of time after decision by a state court when state law provides the petitioner with authorization to timely proceed to the next level of state appellate review. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).  An application for post-conviction relief is seen to be "properly filed" within the meaning of § 2244(d)(1) when it "conforms with a state's applicable procedural filing requirements," such as the rules governing notice and the time and place of filing.  <u>Villegas v. Johnson</u>, 184 F.3d 467, 469-70 (5th Cir. 1999).  This Court also has the power to equitably toll the statute of limitations in appropriate circumstances.  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).

As discussed below, the Court concludes, on the record currently before the Court, that the State's contention that the petitioner's application is untimely must be rejected.[1]

### Procedural History

After a trial by jury conducted in April, 1983, the petitioner was found guilty and sentenced, on July 7, 1983, to life imprisonment, without the benefit of probation, parole or suspension of sentence.  He thereafter appealed this conviction to the intermediate state appellate court, asserting claims which are not pertinent to this proceeding, and on May 30, 1984, the Louisiana Court of Appeal for the First Circuit affirmed the conviction.  *State v. Jackson*, 450 So.2d 1053 (La. App. 1st Cir. 1984).  The petitioner's subsequently filed an application for

---

1. The state court record that has been filed with this Court is not complete.  Notably missing from the record are copies of the transcript of the voir dire examination in the state trial court, the petitioner's first application for state post-conviction relief (filed prior to February 1, 1991), the transcript of a hearing conducted in the state trial court on November 29, 2010, and virtually all filings in the Louisiana Court of Appeal for the First Circuit and the Louisiana Supreme Court.  A review of these records could potentially affect this Court's determination relative to the timeliness of the petitioner's habeas corpus application in this Court.

supervisory review before the Louisiana Supreme Court, which application was denied on October 3, 1986. *State v. Jackson*, 494 So.2d 321 (La. 1986). Upon the petitioner's failure to seek further review before the United States Supreme Court, his conviction became final on or about January 2, 1987, after passage of the 90-day period allowed for seeking such review.[2]

On an unknown date prior to February 1, 1991, the petitioner filed his first application for post-conviction relief in the state trial court.[3] This Court does not have before it a copy of the referenced application but is able to determine from a review of a transcript of proceedings conducted in the state trial court on October 8, 1992, that the application apparently included the claims (1) that the evidence was insufficient to support the verdict, (2) that exculpatory evidence in the form of crime lab tests of certain evidence were not provided to the defense and may have been favorable thereto, (3) that the jury was improperly constituted because of a biased juror, and the petitioner was provided with ineffective assistance of counsel at trial because his attorney failed to utilize a peremptory challenge to remove the biased juror, and (4) that the instructions given to the jury by the trial court judge included a prejudicial definition of reasonable doubt. The petitioner was provided with appointed counsel to assist him in connection with this application and, as indicated above, an evidentiary hearing was conducted thereon on October 8, 1992, relative to the claims asserted in the application. At the conclusion of that hearing, the trial judge directed the parties to file post-hearing memoranda on the issue of the allegedly biased juror, and on December 23, 1992, after the State filed a post-trial

---

2. Inasmuch as January 1, 1996, would have been a legal holiday, the petitioner would have had until the following day, January 2, 1996, to file the referenced pleading.

3. The earliest reference to the petitioner's first post-conviction relief application found in the state court record that has been provided to this Court is an Order dated February 1, 1991, scheduling a hearing on the petitioner's post-conviction relief application for February 14, 1991.

memorandum but the petitioner's attorney did not, the trial court issued an Order denying the petitioner's application. The record reflects that the petitioner thereafter sought supervisory review in the state appellate courts and that the Louisiana Court of Appeal for the First Circuit denied such review on October 5, 1993. The petitioner thereafter sought further review before the Louisiana Supreme Court by filing a petition for writ of certiorari with that Court on or about November 24, 1993, and the Louisiana Supreme Court denied such review, without comment, on May 31, 1996. *See State ex rel. Jackson v. State*, 673 S.2d 1025 (La. 1996).

While the petitioner's first post-conviction relief application was pending before the state appellate courts, the petitioner filed several additional *pro se* applications for post-conviction relief in the state trial court. In the first of these, filed on or about January 6, 1994,[4] he asserted the claim that he was denied equal protection at trial because of racial discrimination in the process of selecting grand jury foremen in West Baton Rouge Parish. This application was denied in the trial court as untimely on March 24, 1994, having been filed more than three years after the finality of the petitioner's conviction in contravention of Louisiana Code of Criminal Procedure article 930.8(A). The petitioner sought further review in the Louisiana appellate courts in connection with that determination, and on July 5, 1994, and September 26, 1996, respectively, the Louisiana appellate courts denied such review, with the Louisiana Supreme

---

4. The United States Court of Appeals for the Fifth Circuit has concluded that federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a petitioner's state court filings. Accordingly, pleadings submitted by a habeas petitioner are considered to be "filed" in state court as of the moment that the prisoner places them in the prison mail system for filing. *See Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). This Court will utilize the dates upon which the petitioner apparently signed his pleadings in this case as the effective dates of the filings thereof in the state courts. *See Lane v. Rogers*, 2012 WL 3160034, *1 n. 3 (E.D. La. June 21, 2012).

Court denying review based upon a specific finding that the application was untimely. *See State ex rel. Jackson v. State*, 679 S.2d 423 (La. 1996).

On or about August 8 and 17, 1994, the petitioner filed his third and fourth applications for post-conviction relief, which he referred to as being "Supplemental Memorand[a] With Supplemental Claims for Post Conviction Relief," and wherein he asserted the claims that he was provided with ineffective assistance of counsel at trial because his attorney (1) failed to challenge the racially discriminatory process for selecting grand jury foremen, and (2) failed to challenge venue prior to trial.[5] These applications were denied on August 11 and 23, 1994, respectively upon a finding by the trial court that the applications were improper successive applications in contravention of Louisiana Code of Criminal Procedure article 930.4(D). The petitioner sought further review in the Louisiana appellate courts in connection with these determinations, and on January 9, 1995, and December 6, 1996, respectively, the Louisiana appellate courts denied such review, with the Louisiana Supreme Court again denying review based upon a specific finding that the applications were untimely. *See State ex rel. Jackson v. State*, 684 S.2d 922 (La. 1996).

On or about April 10, 1996, the petitioner filed a fifth application for post-conviction relief in the state trial court, which he also referred to as being a "Supplemental Memorandum With Additional Claims for Post Conviction Relief." In this application, the petitioner asserted the claim that the prosecution had violated *Brady v. Maryland, supra*, by withholding evidence from the defense in the form of recorded statements provided by the victim and a sheriff's

---

5. Although the petitioner referred to these filings as "Supplemental Memorand[a]," the state trial court treated these filings as being applications for post-convictions relief.

6

detective before trial, which statements could have been utilized to impeach the witnesses when they testified differently at trial. To the extent that this Court is able to determine from the state court record which has been provided, this application was not immediately ruled upon. Instead, it appears that the petitioner's *Brady* claims asserted in this application were later substantively considered by the trial court and were ruled upon at a much later date, after a hearing conducted in the state trial court in November, 2010.[6] As discussed below, the apparent continuing pendency of this fifth application for post-conviction relief is of critical importance in determining whether the petitioner's current application in this Court is timely.

On or about October 15, 1996, the petitioner filed a sixth application for post-conviction relief, wherein he asserted the claims that (1) he was provided with ineffective assistance of counsel subsequent to the post-conviction hearing conducted on October 8, 1992, when his appointed attorney failed to file a post-hearing brief regarding juror bias as instructed by the state trial judge after the hearing, and (2) that the trial judge committed reversible error during the criminal trial by providing a defective jury instruction relative to the definition of reasonable doubt. This application was denied without a hearing on June 2, 1997, with a terse statement by the trial judge, without explanation, that the application was not in proper form.

Finally, on or about July 29, 1997, the petitioner apparently sought to correct the alleged "want of form" in the preceding application and filed a seventh application for post-conviction relief wherein he asserted that (1) he was provided with ineffective assistance of counsel subsequent to the post-conviction hearing conducted on October 8, 1992, when his appointed

---

6. It is not clear from the record why the petitioner's fifth and subsequent applications for state post-conviction relief were not dismissed as untimely or successive.

attorney failed to file a brief regarding juror bias as instructed by the state trial judge, (2) that the trial judge committed reversible error during the criminal trial by providing a defective jury instruction relative to the definition of reasonable doubt, and (3) that he was denied equal protection and effective legal representation as a result of the racially discriminatory manner of choosing grand jury foremen in West Baton Rouge Parish and his attorney's failure to move to quash the grand jury indictment for that reason.  This application languished in the state trial court for many years.  An evidentiary hearing was held thereon in November, 1999, and a subsequent hearing was held on November 29, 2010, but it was not until the second hearing that a final Ruling was entered in the state trial court denying the petitioner's application.  The petitioner thereafter sought supervisory review in the Louisiana appellate courts in connection with that Ruling and, on May 23, 2011, and May 18, 2012, respectively, the Louisiana appellate courts denied review without discussion.  *See State ex rel. Jackson v. State*, 89 So.3d. 1179 (La. 2012).

On or about October 3, 2012, the petitioner filed the instant habeas corpus proceeding in this Court.  Based upon the foregoing recitation, and in the absence of additional documentation which might establish otherwise, the Court finds that the State's argument relative to the untimeliness of this application must be rejected.

Discussion

Interpreting the foregoing procedural history in light of the applicable law, the Court concludes that it need not address the potential impact which the petitioner's first through fourth

applications for state post-conviction relief may have upon the applicable limitations period.[7]

---

       7. Notwithstanding, based upon the record currently before the Court, and in the absence of additional documentation providing information to the contrary, it appears that the petitioner's first state application for post-conviction relief, which was filed prior to February 1, 1991, and was denied in the state trial court on December 23, 1992, did not toll the running of the petitioner's one-year limitations period. This is because it ceased to be pending on November 5, 1993. Specifically, the petitioner admits that he sought supervisory review in the intermediate appellate court relative to the ruling of the trial court and that the Louisiana Court of Appeal for the First Circuit denied such review on October 5, 1993. Pursuant to Rule X § 5(a) of the Louisiana Supreme Court, the petitioner then had thirty (30) days, or until November 4, 1993, within which to seek further review before the Louisiana Supreme Court. The petitioner's subsequent Petition for Writ of Certiorari in the Louisiana Supreme Court, however, was dated November 24, 1993, and was not filed until December 1, 1993, outside of the thirty-day period. Although the Louisiana Supreme thereafter denied review in connection with that application, without comment, on May 31, 1996, the writ application was not "properly filed" and so the appellate proceedings ceased to be pending on November 5, 1993, thirty days after the ruling of the intermediate appellate court in accordance with Louisiana law, and was not resurrected by the subsequent late filing on November 24, 1993. *See Williams v. Cain*, 217 F.3d 303, 309 (5th Cir. 2010) (holding that compliance with the time limit set forth in Louisiana Supreme Court Rule X § 5 "is necessary for a Louisiana prisoner's 'application' for post-conviction relief to remain 'properly filed' under section 2244(d)(2)"); *Dempsey v. Cain*, 2010 WL 1254646, *4 (E.D. La. March 24, 2010), *affirmed* 451 Fed. Appx. 333 (5th Cir. 2011), *cert. denied*, __ U.S. __, 132 S.Ct. 1755 (2012) (recognizing that "[a] writ application to the Louisiana Supreme Court filed after La. Sup. Ct. Rule X § 5's thirty day limit is not 'properly filed' and does not toll 28 U.S.C. § 2244(de)(1)(A)'s one year statute of limitations").

       In addition to the foregoing, it also appears that the pendency of the petitioner's second, third and fourth applications for post-conviction relief should be disregarded because these applications were not "properly filed." This is because the Louisiana Supreme Court ultimately determined, on September 20 and December 6, 1996, respectively, that these applications were untimely, having been filed more than three years after the finality of the petitioner's conviction. Accordingly, the pendency of these applications did not toll the running of the limitations period. *See Wardlaw v. Cain*, 541 F.3d 275, 280 (5th Cir. 2008), *cert. denied*, 555 U.S. 1141 (2009) (concluding that, if the Louisiana Supreme Court has found an application for post-conviction relief to have been untimely filed, than the application was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)).

       Finally, it appears that the same result would apply in connection with the petitioner's sixth application, which was filed on October 15, 1996, and which was subsequently denied in the state trial court on June 2, 1997, for "want of form." Although it is not clear from the trial court's ruling what the deficiency in form was determined to be, the petitioner did not challenge that ruling or seek further review in the state appellate courts relative thereto. Accordingly, the only state court to review the petitioner's sixth application found the application to be deficient in form and so not "properly filed." The pendency of that application, therefore, also likely did

Instead, the Court finds, at least on the record currently before the Court, that the petitioner's fifth application for state post-conviction relief, which was filed on or about April 10, 1996, prior to the effective date of the limitations statute, and which has not been shown by the State or by the record to have been ruled upon prior to the denial of the petitioner's claims in the state trial court on November 29, 2010, was sufficient to toll the running of the limitations period during the intervening period.  Specifically, this fifth application was pending at the commencement of the limitations period, and there is nothing in the record to show that it was thereafter determined to be untimely, successive or otherwise not properly filed.  This fifth application apparently remained pending thereafter and, together with the petitioner's subsequent seventh application for post-conviction relief filed on July 29, 1997, effectively tolled the petitioner's limitations period until denial of the petitioner's claims in the state trial court on November 29, 2010.  Assuming that there were no subsequent gaps in the pendency of the petitioner's fifth and seventh applications for post-conviction relief before the Louisiana appellate courts,[8] the limitation period remained tolled, and no time ran on the petitioner's one-year limitations period until after the denial by the Louisiana Supreme Court of the petitioner's petition for supervisory review relative to those two applications on May 18, 2012.  Inasmuch as the petitioner thereafter

---

not toll the running of the limitations period. *See Koumjian v. Thaler*, 484 Fed. Appx. 966 (5th cir. 2012), *cert. denied*, ___ U.S. ___, 2013 WL 5507495 (Oct. 7, 2013) (finding that even if a state court's determination that a pleading is not properly filed is subject to question or is debatable, the federal courts are bound to accept that determination as being "the end of the matter").

8. For example, the failure to file a timely application for supervisory review in the Louisiana Court of Appeal may compel a conclusion that a petitioner's post-conviction review proceedings have ceased to be "pending" for an interval of time, *see Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001)*,* and the failure to file a timely application for supervisory review in the Louisiana Supreme Court may compel a conclusion that post-conviction review proceedings have ceased to be properly filed. *Williams v. Cain*, *supra* 217 F.3d at 309.

filed the instant federal habeas corpus proceeding in this Court on October 3, 2012, within approximately 4½ months thereafter, the Court must conclude that the State has not shown that the instant habeas corpus application is untimely in this Court.

## **RECOMMENDATION**

It is recommended that the State's contentions relative to untimeliness be rejected and that this matter be referred back to the Magistrate Judge for further proceedings.[9]

Signed in Baton Rouge, Louisiana, on November 21, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

9. Upon acceptance of this Recommendation, the Court will order the District Attorney for the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, to supplement the record and to file a supplemental memorandum addressing the remaining issues in this case.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HOWARD L. JACKSON (#104336)                                                           CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN                                                      NO. 12-0767-BAJ-RLB

## NOTICE

       Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

       In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

       ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

       Signed in Baton Rouge, Louisiana, on November 21, 2013.

                                                                 RICHARD L. BOURGEOIS, JR.
                                                                 UNITED STATES MAGISTRATE JUDGE