UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HOWARD L. JACKSON (#104336)            CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.            NO.: 3:12-cv-00767-BAJ-RLB

## RULING AND ORDER

Before the Court is Petitioner's **PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (Doc. 1).** The Magistrate Judge has issued a **REPORT (Doc. 22)** recommending that Petitioner's habeas application be dismissed as untimely because it was not filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute-of-limitations, (*see id.* at pp. 6–11), and because Petitioner did not otherwise show "that he is entitled to statutory tolling . . . [or] equitable tolling," (*id.* at p. 11). Petitioner filed timely objections to the Magistrate Judge's Report. (Doc. 23).

The Court agrees with the Magistrate Judge's determination that Petitioner failed to file his federal habeas petition within one-year of the date that his state conviction became final, as required under 28 U.S.C. § 2244(d)(1)(A). (*See id.* at p. 11). However, upon review of the materials produced by Petitioner in support of his objections to the Magistrate Judge's Report, (Doc. 23), the Court is persuaded that this is a "rare and exceptional circumstance[]" when equitable tolling applies. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quotation marks omitted).

The Magistrate Judge determined that Petitioner's federal habeas petition is untimely because Petitioner missed a filing deadline when seeking review from the Louisiana Supreme Court. (*See* Doc. 22 at p. 11). Specifically, the Magistrate Judge found that despite being notified on May 23, 2011 that "[his] writ application before the [Louisiana Court of Appeal for the First Circuit] was denied . . . . [P]etitioner did not submit his application for filing to [the Louisiana Supreme Court] until, at the earliest, July 11, 2011," or ninteen days *after* the "June 22, 2011[] deadline to submit an application for further review." (*See id.* at pp. 5–6). Accordingly, the Magistrate Judge "count[ed] against the time clock the period between June 22, 2011, the last day allowed to the petitioner to seek timely review before the Louisiana Supreme Court, and October 3, 2012, the date of filing of his federal habeas corpus petition in this Court," yielding "four hundred sixty-nine (469) days of untolled time elapsed . . . during which the petitioner did not have pending before the state courts any properly filed application for post-conviction or other collateral relief." (*Id.* at p. 11).

In short, the Magistrate Judge recommends that that Petitioner's application be dismissed as untimely based *solely* on Petitioner having missed his June 22, 2011 filing deadline by nineteen days. (*Id.*). Petitioner objects to this determination, asserting that he is entitled to equitable tolling because during the relevant time period surrounding this deadline, he was evacuated from the Louisiana State Penitentiary due to "the threat of rising waters and potential

flooding by the Mississippi River." (Doc. 23 at p. 2). Petitioner further asserts that he was "forced to leave-behind his legal papers" during this evacuation. (*Id.*).

In support of his claim, Petitioner proffers persuasive evidence—specifically, official correspondence from the Louisiana Supreme Court, the Louisiana Department of Public Safety and Corrections, and the Louisiana State Penitentiary—indicating that during "the time period from May 9, 2011 through June 20, 2011," (Doc. 23-1 at p. 3), "evacuation and relocation of offenders assigned to the Louisiana State Penitentiary made it extremely difficult for them to file their legal documents, with the courts, in a timely manner," (*id.* at p. 2). Indeed, by letter to the Louisiana Supreme Court signed on behalf of *Respondent* Warden Burl Cain, Prison officials state: "Due to the state of emergency and over-crowding [caused by the evacuation], correctional facilities did not have sufficient time, space or staff to allow offenders access to law libraries and other legal resources (i.e. West Law, Lexus Nexus, Offender Councils, etc.)." (*Id.*).

By this Court's reading of the record, Petitioner's federal habeas petition would be timely *but for* his failure to submit his application for review to the Louisiana Supreme Court by June 22, 2011. (*See* Doc. 22 at pp. 5–11). In light of the fact that Petitioner's 30-day window for filing an application for review with the Louisiana Supreme Court fell precisely in the midst of the "May 9, 2011 through June 20, 2011" evacuation period, (*see* 23-1 at p. 3), the Court cannot say that "[Petitioner's] failure to meet his one-year deadline is his own fault," *Wilson*, 442

3

F.3d at 875, particularly in light of Prison officials' concession that "correctional facilities did not have sufficient time, space or staff to allow offenders access to law libraries and other legal resources." (Doc. 23-1 at p. 2). Instead, "[P]etitioner's failure to satisfy [AEDPA's] statute of limitations . . . result[ed] from external factors beyond his control," *id.*—specifically, "evacuation and relocation of offenders" due to Mississippi River flooding, (Doc. 23-1 at p. 2).[1]

In sum, Petitioner has shown a "rare and exceptional circumstance[] . . . when strict application of the statute of limitations would be inequitable." *See Wilson*, 442 F.3d at 875. Thus, Petitioner is entitled to equitable tolling. Accordingly, the Court **DECLINES TO ADOPT** the Magistrate Judge's Report (Doc. 22) and the recommendation made therein, and

**IT IS ORDERED** that Petitioner's § 2254 Petition is **REFERRED BACK** to the Magistrate Judge for further analysis. The Magistrate Judge shall issue a supplemental report addressing any additional procedural defects and/or the merits of Petitioner's application within 60 days.

Baton Rouge, Louisiana, this 18th day of September, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] In reaching this determination, the Court notes that only 21 days elapsed between the end of the evacuation period on June 20, 2011, and Petitioner's application for review by the Louisiana Supreme Court on July 11, 2011, *fewer* than the 30 days allowed by Louisiana Supreme Court Rule X, § 5(a).